## Shallenberger v. Shallenberger.

*Declaratory Judgments Act — Proceeding to annul marriage — Acts of April 14, 1859, and June 18, 1923.*

Under the Declaratory Judgments Act of June 18, 1923, P. L. 840, the court will not entertain a petition to annul a marriage on the ground that one of the parties was married to a third person at the time of the performance of the ceremony, as the method of procedure in such cases is specifically provided by the Act of April 14, 1859, P. L. 647.

Petition for declaratory judgment. C. P. No. 5, Phila. Co., Dec. T., 1925, No. 10628.

*A. H. White,* for plaintiff.

MARTIN, P. J., June 29, 1926.—A petition was filed by Robert H. Shallenberger, the plaintiff, averring that he is a citizen of the Commonwealth of Pennsylvania and resided in the City of Philadelphia since 1921; that he was married to the defendant, Rebecca Wolfer Woodward Shallenberger in the Borough of Brooklyn, State of New York, on Sept. 15, 1920; that on the preceding day, for the purpose of procuring a license to marry, defendant made an affidavit that the proposed marriage would be the first into which she had

entered; that she had no former husband living and was not a divorced person; that three days after her marriage to petitioner they took up their residence in the City of Philadelphia, where they lived as man and wife; that on Jan. 6, 1926, petitioner learned for the first time that defendant on Sept. 26, 1917, made application to the Clerk of the Orphans' Court of Philadelphia County for a license to marry Claude Leon Woodward, and that a license to marry was granted to Woodward and the defendant, who gave her name as Rebecca Wolfer, and that on Sept. 28, 1917, Woodward and defendant were united in marriage by a judge of the Municipal Court in the City of Philadelphia; that immediately upon ascertaining that defendant had been previously married, petitioner made inquiry as to whether Woodward was living at the time of the marriage between petitioner and defendant, and whether he had been divorced from defendant; that petitioner discovered Woodward had been an enlisted man in the United States Navy from Jan. 10, 1913, until Jan. 19, 1925, and in September of 1917 was stationed at the Philadelphia Navy Yard, and on Sept. 28, 1917, was married to defendant, who assumed the name of Rebecca Woodward; that Woodward was alive and honorably discharged from the Navy on Jan. 19, 1925; that he and defendant were not divorced on or before the date of the marriage between the petitioner and defendant, and have never been divorced.

It is further averred in the petition that at the time petitioner married defendant he had no knowledge of her previous marriage to Woodward, and upon learning of the former marriage, he immediately disavowed the existence of a valid marriage relation between him and defendant and removed from the residence which they occupied.

The petition contained a prayer for a decree declaring the marriage solemnized between petitioner and defendant on Sept. 15, 1920, to be null and void by reason of defendant having at that time a husband living to whom she had been previously legally married and from whom she had not been divorced.

Defendant was served with a copy of the petition, but failed to appear or answer.

An elaborate and ingenious argument was presented on behalf of petitioner in support of the claim that this court has jurisdiction under the Uniform Declaratory Judgment Act of June 18, 1923, P. L. 840, to declare the rights and status of petitioner and his legal relations with defendant.

A specific remedy for the condition described in the petition filed in this case is provided by the Act of April 14, 1859, P. L. 647, and the method of procedure to obtain the benefit of the act is set forth in direct terms.

The act provides that in all cases where a supposed or alleged marriage shall have been contracted, which is absolutely void by reason of one of the parties thereto having a husband or wife living at the time, the Courts of Common Pleas shall have power to decree the said supposed or alleged marriage to be null and void upon the application of an innocent or injured party, and the jurisdiction shall be exercised and proceedings conducted according to the principles and forms which are or shall be prescribed by law for cases of divorce from the bond of matrimony.

Chief Justice Moschzisker said in the course of a learned and elaborate opinion in Kariher's Petition, 284 Pa. 455-471: "It may be well to state that, in all jurisdictions where declaratory judgment practice obtains, the rule is established that it is a matter of judicial discretion whether or not jurisdiction will be taken of any particular case (citing cases); that a proceeding to obtain such a judgment will not be entertained . . . where another statutory remedy has been specially provided for the character of case in hand: Barra-

clough v. Brown (1897), A. C. 615; Bull v. Attorney-General (1916), 2 A. C. 564." .

This proceeding falls directly within that ruling. The Act of 1859 provides specifically another statutory remedy for the character of case in hand.

And now, to wit, June 29, 1926, the prayer of the petitioner is refused.